UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 08-78 |
| DEVERN MORGAN | SECTION: R |

### **ORDER AND REASONS**

Before the Court is Devern Morgan's Motion to Amend Judgment Order.[1] The government has indicated that it has no objection to Morgan's Motion.[2] For the following reasons, the Court DENIES the motion.

### **I. Background**

On February 4, 2009, Morgan pleaded guilty in this Court to one count of conspiracy to possess with the intent to distribute 500 grams or more of cocaine hydrochloride and one count of possession with the intent to distribute 500 grams or more of cocaine hydrochloride.[3] The Court sentenced him on May 13, 2009, for these counts. Immediately before sentencing, the Court was informed that Morgan had pleaded guilty before Judge Lance Africk of this District to counts of mail fraud that were charged in a

---

[1] R. Doc. 76.

[2] *See* R. Doc. 78.

[3] R. Doc. 63.

separate indictment.  The sentence that Judge Africk imposed for these counts was for a total of ten months.[4]  The government requested that this Court impose Morgan's drug sentences consecutively to his mail-fraud sentence.  In handing down its sentence, the Court stated as follows: "It is the judgment of the Court that the Defendant, Devern Morgan, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 80 months as to Count 1 and 2, to run concurrently . . . *[T]he Court is not going to impose this as a consecutive sentence to the sentence imposed by Judge Africk*."[5]  The Judgment and Commitment Order indicated that the sentences for the two counts of the indictment should run concurrently to each other, but the Order contained no notation as to how Morgan's sentence should run with respect to the sentence handed down by Judge Africk.[6]

On April 28, 2010, Morgan moved to amend the Judgment and Commitment Order in order to clarify that his drug sentences and mail fraud sentences were to be imposed concurrently.  The Court granted the motion, and issued an Amended Judgment and Commitment Order.[7]  Morgan now contends that the Bureau of Prisons claims

---

[4] *See* R. Doc. 25, Case No. 2:08-cr-092-LMA-JCW (E.D. La.).

[5] R Doc. 78-1 at 10.

[6] *See* R. Doc. 69.

[7] R. Doc. 74.

that his ten month sentence was expired by the time it received the Amendment Judgment and Commitment Order and that it refused to credit the mail fraud sentence to his controlled substance sentence. Morgan therefore moves to amend his sentence from 80 months to 70 months under Federal Rule of Criminal Procedure 36 and United States Sentencing Guideline § 5G1.3 "so that he can receive the actual sentence that the Court intended him to serve."[8]

**II. Analysis**

**A.   Rule 36**

Rule 36 of the Federal Rules of Criminal Procedure provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from an oversight or omission." This Rule does not allow a Court to make substantive alterations to a sentence, and it "is not a vehicle for the vindication of the court's unexpressed sentencing expectations, or for the correction of errors made by the court itself." *United States v. Werber*, 51 F.3d 342, 347 (2d Cir. 1995)(quoting *United States v. Daddino*, 5 F.3d 262, 264 (7th Cir. 1993))(quotation marks omitted).

---

[8]   R. Doc. 76 at 2-3.

In the Fifth Circuit, "where there is any variation between the oral and written pronouncements of the sentence, the oral sentence prevails." *United States v. Cook*, 308 Fed. App'x 792, 794 (5th Cir. 2009)(quoting *United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001)(per curiam)). If a court's oral sentence and its written order both reflect the same alleged error, Rule 36 is an improper vehicle for modification. *See United States v. Patrick Petroleum Corp. of Mich.*, 703 F.2d 94, 98 (5th Cir. 1982). But "Rule 36 is the appropriate remedy to make the judgment and commitment papers conform to the sentence pronounced orally." *Cook v. United States*, 426 F.2d 1358, 1360 (5th Cir. 1970)(quoting Charles Alan Wright, Federal Practice and Procedure § 611 (1969)).

As opposed to his previous motion to amend, Morgan does not ask the Court to conform the sentence to the sentence pronounced orally. Rather, he asks the Court to reduce his sentence by ten months in order to correct an error by the Bureau of Prisons. Claims that the Bureau of Prisons miscalculated a sentence, however, are not cognizable in a motion under Rule 36. *United States v. Roth*, 359 Fed. Appx. 453, 455 (5th Cir. 2009). *See also United States v. Baker*, 134 Fed. Appx. 671, 672 (5th Cir. 2005)("Section 2241, 28 U.S.C., is the appropriate vehicle for obtaining credit for prior custody."). Accordingly, the Court cannot grant relief under Rule 36.

4

**B. U.S.S.G. § 5G1.3**

Both Morgan and the Government suggest that the Court has authority under U.S.S.G. § 5G1.3 to downwardly depart from the sentence it imposed in 2009. Although the provision specifically addresses undischarged terms of imprisonment, Application Note 4 provides:

> *Downward Departure Provision*--In the case of a discharged term of imprisonment, a downward departure is not prohibited if the defendant (A) has completed serving a term of imprisonment; and (B) subsection (b) would have provided an adjustment had that completed term of imprisonment been undischarged at the time of sentencing for the instant offense.

U.S.S.G. § 5G1.3, cmt. n.4. Subsection (b) allows the court to credit undischarged terms of imprisonment if (1) the other offense is "relevant conduct" as defined by U.S.S.G. § 1B1.3, and (2) the other offense was a basis for an increase in the offense level of the instant offense. U.S.S.G. § 5G1.3(b). Here, Morgan's mail fraud offense was not included in his Presentence Investigation Report, and was not the basis of any adjustment in his offense level for the controlled substances offense. Nor did it constitute relevant conduct; indeed, Morgan's counsel at sentencing told the Court that the mail fraud was not related to the controlled substance offense.[9] Because Morgan does not meet the requirements of U.S.S.G. § 5G1.3(b), the Court cannot

---

[9] R. Doc. 78-1 at 8-9.

downwardly depart in order to credit his discharged term of imprisonment.[10]

### III. Conclusion

For the foregoing reasons, the Court DENIES Morgan's motion.

New Orleans, Louisiana, this __6th__ day of July, 2012.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[10] Although Morgan contends that the Court can apply U.S.S.G. § 5G1.3(c), that provision applies only to cases in which the defendant was on probation, parole, or supervised release at the time of the instant offense. U.S.S.G. § 5G1.3 cmt. n.3(C).