UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                          CRIMINAL ACTION

VERSUS                                            NO: 08-78

DEVERN MORGAN                                     SECTION: R

**ORDER AND REASONS**

The Court of Appeals for the Fifth Circuit has remanded the above-captioned matter to this court for the limited purpose of determining whether the untimely filing of defendant's notice of appeal was due to excusable neglect or good cause pursuant to Federal Rule of Appellate Procedure 4(b)(4). Defendant has failed to demonstrate that the delay in filing a notice of appeal was caused by excusable neglect or good cause. His notice of appeal is therefore invalid.

**I. Background**

The Court entered an order denying defendant's motion to amend judgment on July 6, 2012.[1] Defendant filed a notice of appeal on August 3, 2012,[2] and an additional notice of appeal on August 10, 2012.[3] Under Federal Rule of Appellate Procedure Rule 4(b)(1)(A), the final day for timely filing a notice of appeal was July 20, 2012. However, Rule 4(b)(4) permits the district

---

[1]     R. Doc. 79.

[2]     R. Doc. 80.

[3]     R. Doc. 81.

court to extend the deadline an additional thirty days if the untimely filing was the result of excusable neglect or good cause. In criminal cases, the Fifth Circuit treats the filing of an untimely notice of appeal within the additional thirty-day period as a motion for a determination whether the defendant is entitled to an extension of time to appeal. *United States v. Awalt*, 728 F.2d 704, 705 (5th Cir. 1984). Therefore, the Fifth Circuit remanded this matter to this court for the determination of whether defendant's untimely filing of the notice of appeal was due to excusable neglect or good cause.[4] On February 1, 2013, this court ordered that defendant submit an explanation of any circumstances relevant to a determination of good cause or excusable neglect within 20 days.[5] As of March 5, 2013, defendant has not responded to the order.

## II. Analysis

Rule 4(b)(4) of the Federal Rules of Appellate Procedure provides:

> Upon a finding of excusable neglect or good cause, the district court may – before or after the time has expired, with or without motion and notice – extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

---

[4] R. Doc. 84.

[5] R. Doc. 85.

Fed. R. App. P. 4. In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993), the Supreme Court established factors to consider in determining excusable neglect. The Fifth Circuit has held that the *Pioneer* factors are to be applied when determining excusable neglect in the Rule 4(b)(4) context. *United States v. Clark*, 51 F.3d 42, 44 (5th Cir. 1995). The *Pioneer* factors are: "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395. However, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect." *Id.* at 392; *Clark,* 51 at 43. "Failure to learn of the entry of judgment is the major, but not the only, reason for finding excusable neglect." *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). "[W]hat sorts of neglect will be considered 'excusable,' ... is at bottom an equitable... [determination], taking account of all relevant circumstances surrounding the party's omission." *Pioneer*, at 390.

Defendant's first notice of appeal was signed on August 1, 2012, 12 days late, and was docketed on August 3, 14 days late. Defendant has failed to respond to the Court's show cause order explaining why his untimeliness should be excused.

## III. Conclusion

Considering the defendant's failure to explain his delay, the Court cannot make a finding of excusable neglect or good cause. Therefore, defendant's notice of appeal is deemed untimely.

New Orleans, Louisiana, this __7th__ day of March, 2013.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE